IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GRAHAM O. and LINDA O., individually and as guardian of J.O., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH and JP MORGAN GROUP HEALTH PLAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN CASE<br><br><br>Case No. 1:18-CV-31-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion to Reopen Case. For the reasons discussed below, the Court grants the Motion.

I.  BACKGOUND

Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA") based on Defendants' denial of benefits for mental health care J.O. received at two treatment facilities. On cross motions for summary judgment, this Court per the Honorable Bruce S. Jenkins, determined that Defendants had acted arbitrarily and capriciously in denying benefits and remanded the case to United Behavioral Health ("United") to more adequately explain its decision.

On remand, United again denied Plaintiffs' request for benefits. Plaintiffs now seek to reopen this case arguing that United's denials on remand were still arbitrary and capricious and suffered from other deficiencies. Defendants oppose, asserting that the denials were supported by substantial evidence.

1

II.  DISCUSSION

Generally, when an ERISA case is remanded to the plan administrator for further proceedings, the decision on remand is reviewable by the District Court upon motion by either party.[1] Given this, it is appropriate to reopen this case to evaluate United's most recent denials. While the Court understands United's insistence that it complied with the Court's remand order and that its denials were well supported, this Motion is ill-suited to resolve such arguments. Instead, the Court will direct the parties to file cross motions for summary judgment, as is customary in ERISA cases.[2]

---

[1] *Stevens v. Santander Holdings, USA Inc.*, 799 F.3d 290, 299 (3d Cir. 2015) (noting that either party could file "a motion to reopen the case in the District Court after the remand to the plan administrator"); *Young v. Prudential Ins. Co. of Am.*, 671 F.3d 1214, 1216 (11th Cir. 2012) (quoting *Petralia v. AT&T Glob. Info. Sols. Co.*, 114 F.3d 352, 354 (1st Cir. 1997)) (adopting position that "a party seeking judicial review in the district court [after remand] may do so by a timely motion filed in the same civil action"); *Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1159 (10th Cir. 2007) (stating that "Hartford has conceded that if its benefits determination on remand is unfavorable to [Graham], she may simply move to reopen the case, or file an amended complaint to address any dissatisfaction with Hartford's decision on remand") (alteration in original) (quotation marks omitted); *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 537 (6th Cir. 2004) (finding that a remand to the plan administrator "permit[ted] either party to challenge the eligibility determination that the plan administrator renders on remand"); *Petralia*, 114 F.3d at 354 ("Ordinarily implicit in a federal district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action.").

[2] *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010) (quoting *Bard v. Boston Shipping Ass'n*, 471 F.3d 229, 235 (1st Cir. 2006)) (stating that "summary judgment is merely a vehicle for deciding the case; the factual determination of eligibility for benefits is decided solely on the administrative record, and the non-moving party is not entitled to the usual inferences in its favor").

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Reopen Case (Docket No. 92) is GRANTED. The Clerk is directed to reopen this case. The parties are directed to file their cross motions for summary judgment by March 15, 2024.

DATED this 16th day of January, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge